UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
AIRGAS USA, LLC, :
: CASE NO. 1:16-CV-00491
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 10]
PRO2 RESPIRATORY SERVICES, LLC, :
ET AL, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Airgas USA, LLC ("Airgas") brings breach of contract claims against Defendants Pro2 Respiratory Services, LLC ("Pro2") and Nancy Archdeacon.[1] Defendants move to transfer this case to the Southern District of Ohio under 28 U.S.C. § 1404(a).[2] For the following reasons, this Court **DENIES** Defendants' motion to transfer venue.

**I. Background**

Plaintiff Airgas, a Delaware limited liability company with its principal place of business in Pennsylvania, filed suit in this Court against Defendants Pro2 and Archdeacon.[3] Airgas's North Division Business Support Center handles all Plaintiff Airgas accounts payable for the state of Ohio and is located in Independence, Ohio.[4] Pro2 is an Ohio limited liability company with Cincinnati, Ohio headquarters.[5] Archdeacon is Pro2's majority member.[6]

---

[1] Doc. 7.
[2] Doc. 10. Plaintiff opposes. Doc. 14. Defendants reply. Doc. 15.
[3] Doc. 7 at 2.
[4] Doc. 14 at 1.
[5] Doc. 7 at 2; Doc. 10 at 2.
[6] Doc. 10 at 2.

Case No. 16-cv-491
Gwin, J.

According to the Amended Complaint, Airgas supplied Pro2 with medical gases under a March 2004 requirements contract. Pro2 purchased the compressed gas products from Airgas, but Pro2 rented metal cylinders holding the gas. Over the course of the contract, Pro2 lost nearly 6,000 Airgas cylinders.[7] The complaint alleges several counts of breach of contract arising from Pro2's failure to complete payment on the lost cylinders, failure to complete payment on the amount in open accounts receivable, and failure to assure the return of an additional 7,700 Airgas cylinders in Pro2's possession.[8]

The Defendants move this Court to transfer venue from the Northern District of Ohio to the Southern District of Ohio. In support of their motion, the Defendants argue that convenience favors transfer. The Defendants suggest that key witnesses and property are located in Cincinnati, and that the actions giving rise to the claims occurred there.[9]

In opposing the motion to transfer venue, Plaintiff Airgas argues that the Defendants have not shown that the balance of relevant factors weighs strongly for transferring venue. In particular, the Plaintiff emphasizes that this collection action's documentation and witnesses are located at the company's business support center in Independence, Ohio, which is in the Northern District of Ohio.[10] As a result, the Plaintiff argues that its choice of forum should prevail.

## II. Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Sixth Circuit typically requires "a district court [to]

---

[7] Doc. 7 at 3.
[8] *Id.* at 4-10.
[9] Doc. 15 at 4.
[10] Doc. 14 at 4.

Case No. 16-cv-491
Gwin, J.

consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[11]  A district court has broad discretion over whether to transfer a case under §1404.[12]

If the original venue is proper, "a plaintiff's choice of forum is given substantial weight," unless the defendant shows that convenience and the interests of justice "strongly favor transfer."[13]  Ultimately, "[t]he defendant, because it is the party requesting a transfer of venue, bears the burden of proof to show the factors weigh 'strongly' in favor of transfer."[14]  When a defendant makes such a showing, transfer is appropriate.  "But unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[15]

Typically, where venue is proper in more than one forum, either party will face some inconvenience no matter which venue is chosen.  Consequently, if a change of venue merely shifts the inconvenience from one party to another, a change of venue is not warranted.[16] "Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to merit transfer."[17]

---

[11] *Siegfried v. Takeda Pharm. N. Am., Inc.*, No. 1:10–CV–02713 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).
[12] *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citations omitted).
[13] 14D Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3801 (4th ed.).
[14] *Picker Int'l, Inc., v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).
[15] *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947) (emphasis added); *see also* Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3828.2 (4th ed. 2014) ("[C]ourts afford at least some deference to the plaintiff's choice of forum.").
[16] *Kirk v. Shaw Envtl., Inc.*, No. 1:09-cv-1405, 2010 WL 520827, at *3 (N.D. Ohio Feb. 5, 2010) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).
[17] *Id.* (citing *Hartford Accident & Indem. Co. v. Dalgarno Transp., Inc.*, 618 F. Supp. 1450, 1452 (S.D. Miss. 1985)).

Case No. 16-cv-491
Gwin, J.

### III. Discussion

The Court accords significant weight to a plaintiff's choice of forum when considering a motion to transfer. Airgas chose to file this case in the Northern District of Ohio. While this district is not the Plaintiff's home forum, operative facts giving rise to the Plaintiff's complaint occurred in the Northern District, including the Plaintiff's attempted account collection and property recovery from the Defendant. The Plaintiff has a right to pursue this action in this Court, rather than the Southern District of Ohio. Absent a strong argument that transfer to the Southern District is more convenient and better serves the public interest, the Court will not transfer the case.

The private interests of the parties do not favor transfer. Although some witnesses will be in Cincinnati, most of those witnesses will be under the control of either Airgas or Pro2, who will be able to compel their presence in either forum. Furthermore, the burden imposed on witnesses to travel from the Southern District of Ohio to the neighboring Northern District of Ohio to attend any court proceedings will be minimal.[18]

Similarly, although some documents will be in Cincinnati, many will be in northern Ohio. In opposing the motion to transfer, Plaintiff noted that its office in Independence, Ohio "serves as the billing, accounting, and management center" for its Ohio operations.[19] In particular, the Independence office processes accounts receivable for the Pro2 account.[20] And since any documents requested through discovery will, in all likelihood, be exchanged electronically, the

---

[18] *Cf. FirstMerit Corp. v. Craves*, No. 1:14-CV-2203, 2015 WL 151318, at *7 (N.D. Ohio Jan. 12, 2015) (denying transfer to Eastern District of Michigan because distance between Saginaw, Michigan and Cleveland was "slight"); *Progressive Plastics, Inc. v. Nat'l Liquid Packaging Co.*, No. 1:07-CV-47, 2007 WL 593555, at *2 (N.D. Ohio Feb. 21, 2007) (denying transfer to the Northern District of Illinois because "Chicago is relatively close to Cleveland, and an easy commute"). Cincinnati, where Pro2 is located, is even closer to Cleveland than Saginaw and Chicago.
[19] Doc. 14. at 3.
[20] *Id.*

-4-

Case No. 16-cv-491
Gwin, J.

location impact only minimally affects the burden to either party.[21] Any inconvenience to Pro2 in proceeding in Cleveland, rather than in Cincinnati, does not rise to the level of injustice.

The public interest factors also do not weigh strongly in favor of transfer to the Southern District. The Defendants fail to provide a compelling explanation for why the Southern District has significantly more interest in resolving this dispute, especially considering that payment and recovery of payment under the contract took place in the Northern District. There is also no indication that the case would be resolved more quickly or efficiently in the Southern District of Ohio than it would be in this Court. Accordingly, no public interest factor weighs so strongly as to warrant transfer.

### IV. Conclusion

Airgas's choice of forum is entitled to some deference. Defendants have failed to demonstrate that private and public interests "strongly favor" transfer, weighed against the Plaintiff's choice of forum. Accordingly, the Court **DENIES** Defendants' motion to transfer venue.

IT IS SO ORDERED.

Dated: August 19, 2016                    *s/      James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[21] *See, e.g.*, *Picker Int'l*, 35 F. Supp. 2d at 573–74 (noting that the location of documents is only a "minor consideration" because they can be easily moved).